PLANK, Respondent, v. HOPKINS et al. (Hopkins, Appellant.)

(151 N. W. 1017.)

(File No. 3700.   Opinion filed April 6, 1915.)

1. **Negotiable Instruments—Action on Note—Mortgage Security, by Husband and Wife—Right of Divorced Husband to Have Mortgaged Homestead Applied on Note—Conditional Award of Homestead to Wife in Decree—Defense by Husband—Irrelevancy of Answer—Adjustment of Equities—Parties.**

In a suit by indorsee against divorced husband and wife, on a promissory note secured by a mortgage on a homestead, executed by defendants before a divorce decree was entered, in which decree the homestead was awarded to wife for life or until her remarriage, and providing that husband should pay the mortgage, failing in which the title to homestead should vest in wife, **held,** that an answer by the former husband, alleging that his right under the decree, as against his former wife, to elect to pay the mortgage, and to retain title to the homestead, or to refuse to pay it and permit title to pass to the wife, who had entered into a conspiracy with plaintiff, her brother, to deprive the answering defendant of his said right by obtaining judgment against him alone on the note, and that the brother had purchased the note with full knowledge of the provisions of the decree, was irrelevant and redundant, and constituted no defense, since plaintiff's right to sue on the note and to waive the mortgage was unaffected by said decree, to which he was not a party.   **Held,** further, that the existence or otherwise of the right claimed by the answering defendant, depends upon equities between him and the co-defendant, and, while such equities, if existing, might entitle appellant to some relief after judgment, they may be adjusted and enforced, under a proper pleading, in the present action, by provision in the judgment.

2. **Same—Pleadings—"Irrelevant" or "Redundant" Matter—Demurrer, or motion to Strike.**

Under Code Civ. Proc., Sec. 130, allowing plaintiff to demur to an answer containing new matter which, upon its face, does not constitute a defense, or to one or more defenses or counterclaims; Sec. 129, authorizing striking out of sham and irrelevant answers and defenses on motion; and Sec. 137, allowing irrelevant and redundant matter in a pleading to be stricken out on motion, **held,** that, since an "irrelevant" allegation is one having no substantial relation to the controversy between the parties, while 'redundant' is almost a synonym for "irrelevant," the allegations in said answer were properly stricken out on

motion, over an objection that the proper remedy, if any, was by demurrer.

3. **Appeal—Error—Harmless Error—Allowing Amendment on Striking Out Irrelevant Pleading—Alternative Remedy by Demurrer.**

Where an order sustaining plaintiff's motion to strike from defendant's answer a defense claiming equities, allowed defendant time in which to amend, **held**, it was immaterial whether the answer was tested by demurrer or by motion, as defendant was granted all relief that could have been accorded to him by order sustaining demurrer.

Appeal from Circuit Court, Codington County. Hon. ALVA E. TAYLOR, Judge.

Action by U. G. Plank against Hollace Hopkins and another, upon a promissory note, plaintiff being indorsee. From an order striking irrelevant matter from his answer, the defendant named appeals. Affirmed.

*Sherin & Sherin*, for Appellant.

*Case & Case*, for Respondent.

(1) Under point one of the opinion, Appellant cited: Hot Springs Co. v. Ferguson et al., (S. D.) 67 N. W. 615; Bliss on Code Pleading, Sec. 421.

Respondent cited: Vol. 27, Cyc. p. 1274; Grable v. Beatty, (Neb.) 77 N. W. 49; Bennett v. Ellis, (S. D.) 83 N. W. 429; Kimber v. Gunnell Gold Min. & Mill. Co., 126 Fed. 136; Meyer Bros. Drug Co. v. Hirsching-Morse Co., (Neb.) 143 N. W. 206.

(2) Under point two of the opinion, Appellant cited: Bliss on Code Pleading, Sec. 424, 423; Kidder County v. Foye, (N. D) 87 N. W.

Respondent cited: Section 137, Code Civil Procedure; Sutherland on Code Pleading, Vol. 1, Sec. 815, 100.

POLLEY, J. This is an appeal from an order striking from appellant's amended answer that portion thereof pleaded as an equitable defense, on the ground that the same is irrelevent and redundant.

Plaintiff (who is respondent) brings the action as indorsee of a promissory note, executed jointly by defendants, E. P. and H. L. Hopkins. E. P. Hopkins defaulted. H. L. Hopkins filed an amended answer, in which he admitted the execution of the

note, but denied all the other allegations in the complaint, and for an equitable defense alleged: That said note was secured by a mortgage executed at the time of the execution of the note, on certain real estate that had been occupied as a homestead by defendants, who previously had been husband and wife; that after the execution of the note and mortgage, defendants had been divorced; and that, by the decree of divorce, the said homestead had been awarded to defendant E. P. Hopkins for her use and occupation during her natural life, or until she should remarry. By said decree it was further provided that the defendant H. L. Hopkins should pay said mortgage, together with other claims against said homestead, and that, if he failed to pay the same, the title to said homestead should become vested in defendant E. P. Hopkins. It is then alleged that plaintiff in this action and defendant E. P. Hopkins are brother and sister, and that, when plaintiff purchased said note, if he purchased it at all, it was with full knowledge of all the provisions contained in said decree of divorce and the conditions created thereby. Then follows the allegation that:

"Said plaintiff, U. G. Plank and the defendant E. P. Hopkins have entered into a collusion and conspiracy to obtain a judgment against this defendant for the amount due upon said note, and then to obtain the possession and control and title to the property therein described, and thus defeat and defraud this defendant out of both title to said property and the amount of said note, and then to obtain the possession and control and title to the property therein described. And that said plaintiff and the defendant E. P. Hopkins have further conspired together for the purpose of avoiding said judgment so rendered by this court in the divorce case, and for the purpose of depriving this defendant of his rights under said judgment, and of said right to elect and determine whether he would pay the incumbrance on said property and retain the title to the same, or permit the defendant E. P. Hopkins to obtain title to said property by reason of his refusing to pay said incumbrance, and for the purpose of compelling this defendant to pay the amount of said note in violation of the judgment rendered by said court as herein set forth, and for the purpose of depriving him of exercising his right to elect as provided in said judgment, and thus defeat and

defraud this defendant out of both the title of said property and the amount of said note secured by mortgage upon said property. * * * That the security is sufficient to pay said note without obtaining a judgment against this defendant."

All of the foregoing matter pleaded by appellant as an equitable defense was stricken out, on plaintiff's motion, as irrelevant and redundant. This, appellant claims, was error, because, first, he contends that that portion of his amended answer stricken out by the court constitutes a good, legal, and equitable defense to the action; and, second, because the sufficiency of the defense should have been tested, if tested at all, by demurrer, and not by motion.

[1] It is claimed by appellant that, by the provisions of the decree of divorce, he was given the option of paying off the mortgage and retaining title to the homestead, or to refuse to pay off said mortgage and permit the title to the mortgaged property to pass to his divorced wife, E. P. Hopkins. This theory of appellant, of course, is based upon the assumption that, when the owner of the note proceeded to enforce the payment thereof, he would do so by foreclosing the mortgage; and it is plain that the real gravamen of appellant's plaint is that respondent waived the mortgage and brought suit directly on the note. But that the owner of a note secured by a mortgage may waive the mortgage and sue on the note, if he so elects, is too well settled to admit of discussion, and respondent, in adopting that mode of procedure, was clearly within his legal rights. But appellant contends that the course pursued by respondent deprives him of his right to elect whether to pay the note and retain title to the mortgaged property, or to refuse to pay the note and permit the title to the property to pass to his codefendant, E. P. Hopkins, thus compelling him to pay the note, while his codefendant retains possession of the mortgaged property. Whether or not the effect of the decree of divorce is to confer upon appellant, as between himself and his codefendant, the right he is claiming under said decree, need not be determined. The owner of the note in question was not a party to that action, and his rights could not be prejudiced thereby; nor is the fact that respondent had all the knowledge imputed to him by appellant, or even that he entered into the conspiracy with appellant's codefendant, as alleged by

appellant, at all material. The effect of the construction of the decree of divorce contended for by appellant is to give him the absolute right to have the note in question satisfied out of the mortgaged property; but, if he ever had such a right, he has it still, and it can be protected under a proper pleading and enforced by the judgment in this action. The existence or non-existence of such a right depends wholly upon the equities existing between appellant and his codefendant, and, if the equities are such as to entitle the appellant to have the mortgaged premises applied in satisfaction of the judgment to be obtained in this action, it may be so provided in the judgment itself; but such equities, if they exist, do not constitute a defense, either legal or equitable, to respondent's right to recover judgment on the note.

[2] It is next contended by appellant that the sufficiency of the answer should have been raised and determined upon demurrer, and not by motion, and that it was error, in this case, for the court to entertain respondent's motion. The right to employ either method in a proper case is recognized by statute, and, in many cases, the appropriate mode of attacking a supposed defective pleading may be determined by a mere inspection of the pleading itself; but cases may arise where it is not apparent, at a glance, whether such pleading should be assailed by demurrer or by motion. Subdivision 6 of section 121, Code Civ. Proc., permits a defendant to demur to a complaint when it fails to state facts sufficient to constitute a cause of action; and, by section 128, the defendant may demur to one or more causes of action in a complaint. By section 130, a plaintiff is permitted, in all cases, to demur to an answer containing new matter, where, upon its face, it does not constitute a counterclaim or defense, and he may demur to one or more of said defenses or counterclaims and reply to the residue of the counterclaims. Section 129 provides that:

"Sham and irrelevant answers and defenses may be stricken out on motion. * * *"

And section 137 provides that irrelevant and redundant matter inserted in any *pleading* may be stricken out on motion of any person aggrieved thereby. In Sutherland on Code Pleading, vol. 1, § 815, an irrelevant pleading is defined as follows:

"A pleading is irrelevant which has no substantial relation to the controversy between the parties to the action." Seward v. Miller, 6. How. Prac. (N. Y.) 312.

And again, in section 100, the same author says:

"An irrelevant allegation is one that has no substantial relation to the controversy between the parties to the action. And * * * the term 'redundant' is almost a synonym for 'irrelevant.'"

This definition, or rather description, of what constitutes irrelevant and redundant matter, is probably as clear a statement of the subject as can be found anywhere; and, as the matter under consideration in this case is in no wise responsive to the issues tendered by the complaint, or, as said by the learned author just quoted from, it "has no substantial relation to the controversy between the parties to the action," it falls within this description, and is subject to attack by motion, under the provisions of section 137, Code Civ. Proc.

[3] But, so far as the rights of appellant are concerned, it is wholly immaterial whether his answer is tested by demurrer or by motion, for, by the order sustaining respondent's motion, appellant was allowed time in which to amend his answer, if he so desired, thus granting him all the relief that could have been accorded him by an order sustaining a demurrer.

While the matter pleaded as an equitable defense, if true, might entitle appellant to some relief after judgment, it is insufficient to constitute a defense to respondent's right of recovery on the note, and was properly stricken out.

The order appealed from is affirmed.